```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
                                      :
JAN'E COLAHAR
                                      :
     v.                               :   Civil Action No. DKC 11-3389
                                      :
DENNIS CHRISTMAS / ENTERPRISE
SOLUTIONS REALIZED, INC.              :
```

**MEMORANDUM OPINION**

Presently pending and ready for review in this employment discrimination case is the motion to dismiss filed by Dennis Christmas ("Christmas") and Enterprise Solutions Realized, Inc. ("Enterprise").  (ECF No. 6).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss will be granted.

**I.   Background**

   **A.   Factual Background**

The following facts are taken from the complaint and are construed in the light most favorable to Plaintiff Jan'e Colahar ("Colahar"), the non-moving party.  Colahar, an African-American woman, began working at Enterprise on or about December 16, 2007.  Christmas is the owner and president of Enterprise.  At other jobs prior to joining Enterprise, Colahar earned regular salary increases and bonuses.  Throughout her employment with Enterprise, Colahar worked at a Transportation Safety

Administration site located in Annapolis Junction, Maryland. According to Colahar, she performed all of her job duties "in a professional and outstanding manner." (*Id.* ¶ 1). Meanwhile, the working environment at Enterprise was "predictable" in that African-American women received less favorable treatment than other women and men of any race.

On June 1, 2009, Karen Dwyer and Adrian Rich at Enterprise informed Colahar that "IBM d[oes] not want her on the contract" and terminated her employment.[1] Enterprise did not offer any further explanation for Colahar's discharge. Although Colahar conclusorily alleges that her discharge resulted from "unlawful and discriminatory conduct and employment practices," she also avers that she "does not currently have sufficient information to determine whether or not her termination was the result of intentional racial discrimination" (*id.* ¶ 21).

Following her termination, Colahar timely filed a claim for unemployment benefits. Karen Dwyer at Enterprise allegedly "denied [Colahar] from collecting unemployment." (*Id.* ¶ 14). Colahar filed an appeal with "the Appeals Board" – presumably, the Unemployment Insurance Appeals Division of the Maryland Department of Labor, Licensing and Regulations - which upheld

---

[1] The complaint does not include any allegations regarding the relationship between Enterprise and IBM.

the denial of her claim. Colahar then filed a lawsuit in the Circuit Court for Montgomery County, Maryland, which reversed the decision of the Appeals Board and awarded Colahar unemployment benefits.

**B. Procedural Background**

On November 10, 2009, Plaintiff filed a formal charge of discrimination with the Maryland Commission on Human Relations. Colahar requested a right to sue letter on September 3, 2011. On November 23, Colahar filed a *pro se* complaint in this court. (ECF No. 1).[2] On April 17, 2012, Christmas and Enterprise filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 6). In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court mailed a letter to Colahar on April 17, 2012, notifying her that a dispositive motion had been filed and that her case could be dismissed. (ECF No. 7). Colahar filed

---

[2] It is not clear whether Colahar intended to name both Christmas and Enterprise as Defendants. The clerk listed only Christmas as a Defendant in the CM-ECF docket and only a single summons was issued to "Dennis Christmas, Enterprise Solutions Realized." (ECF No. 3). The affidavit of service for that summons states that service was effected on Bernadette Christmas, an individual authorized to accept process on behalf of Enterprise. (ECF No. 5). Nonetheless, both Enterprise and Christmas seek dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 6).

3

an opposition (ECF No. 8), and Enterprise and Christmas replied (ECF No. 9).[3]

**II.  Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.  *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006).  A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the

---

[3] On December 5, 2012, Colahar submitted an "Affidavit of Status For Jan'e Colahar El," indicating that she is now a "Free and Sovereign Moorish American National."  (ECF No. 11).  To the extent that Colahar intends to supplement her opposition with this document, it will not be considered because surreply memoranda typically are not permitted absent leave of the court.  *See* Local Rule 105.2(a).

light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Ultimately, a complaint must "'permit[] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).  To this end, "while a plaintiff [in an employment discrimination case] is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, [f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002); *Twombly*, 550 U.S. at 555).

**III. Analysis**

Colahar's complaint purports to assert two causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e *et seq.* ("Title VII"): (1) discriminatory discharge based on race and (2) disparate impact based on race.[4] Enterprise and Christmas contend that both of these counts should be dismissed because the complaint does not allege sufficient facts to state a claim for relief. (ECF No. 6-1, at 3-5). This argument has merit.

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C.A. § 2000e–2(a). "Title VII prohibits both intentional discrimination (known as 'disparate treatment') as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as 'disparate impact')." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009).

Here, Colahar's complaint consists primarily of unsupported legal conclusions and contains few factual details in support of her Title VII discrimination claims. At bottom, the complaint includes only four relevant factual allegations. First, Colahar alleges that she is an African-American woman. Second, Colahar

---

[4] The first paragraph of the complaint states that Colahar "also brings tort and contract claims under the common law of Maryland." (ECF No. 1 ¶ 1). Even when it is liberally construed, however, the complaint alleges no facts that would support either a contract claim or a tort claim. Likewise, Colahar's passing references to 42 U.S.C. § 1981 are insufficient to state a claim under that statute.

6

alleges that she performed her job duties at Enterprise in an outstanding manner. Third, Colahar alleges that she worked for Enterprise in an environment where men and women of other races received more favorable treatment. Finally, Colahar alleges that she was fired in 2009, but is unsure whether her termination was the result of intentional racial discrimination.[5]

These conclusory assertions fail to show that Colahar is entitled to relief under Title VII based on either a disparate treatment theory or a disparate impact theory. To state a claim for disparate treatment, it is not enough for Colahar to allege that she is a member of a protected class who was terminated. Rather, the complaint must allege facts that give rise to a plausible inference that Colahar's termination was the result of *intentional* discrimination based on race. *See, e.g.*, *Coleman*, 626 F.3d at 191 (conclusory allegations that the plaintiff was an African-American who was treated differently than white

---

[5] The allegations regarding Enterprise's post-termination efforts to interfere with Colahar's unemployment benefits claim cannot serve as the basis for a Title VII discrimination claim. *See, e.g.*, *Sanford v. Main Street Baptist Church Manor, Inc.*, 327 Fed.Appx. 587, 597 (6th Cir. 2009) (affirming district court's conclusion that a "post-employment decision [by the employer] to challenge [the plaintiff's] unemployment benefits does not constitute an adverse employment action sufficient to confer Title VII liability upon [the employer]"). Although challenging an employee's entitlement to unemployment benefits can, in some circumstances, give rise to a Title VII *retaliation* claim, *see, e.g.*, *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1077 (10th Cir. 2007), the complaint here does not assert a cause of action for retaliation.

employees "fail[] to establish a plausible basis for believing . . . that race was the true basis" for his termination). Moreover, Colahar expressly avers that she lacks sufficient information to determine whether she was fired because of intentional racial discrimination. In doing so, Colahar concedes that her right to relief is entirely speculative. Accordingly, Colahar's claim for race-based disparate treatment must be dismissed pursuant to Rule 12(b)(6).

Colahar's disparate impact claim likewise fails. Although Colahar conclusorily alleges that Enterprise engaged in "unlawful employment practices" that resulted in less favorable treatment for African-American women, the complaint does not assert any facts establishing the plausibility of this allegation. Most significantly, Colahar does not identify the specific employment practices that purportedly had an adverse effect on African-American woman. Colahar also does not specify how African-American women employed by Enterprise were adversely affected by the allegedly unlawful practices.[6] Without any

---

[6] In her opposition to the motion to dismiss, Colahar avers that Enterprise "refused to give [her] a salary increase or to provide necessary training needed for advancement that was offered to men and women of non color." (ECF No. 8, at 3). It is well-established that a plaintiff cannot amend her complaint by asserting new facts in an opposition to a motion to dismiss. *See Zachair, Ltd. v. Driggs*, 965 F.Supp. 741, 748 n. 4 (D.Md. 1997) (holding that facts contained in an opposition to a motion to dismiss but not within the complaint itself cannot be

factual support, Enterprise and Christmas lack sufficient notice of the basis for Colahar's disparate impact claim. Thus, Colahar's second cause of action also must be dismissed.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Dennis Christmas and Enterprise Solutions Realized, Inc., will be granted. A separate Order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

---

considered). Furthermore, even if they were considered, these conclusory allegations would not show that Colahar is entitled to relief because they lack any supporting factual details.